**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **RODNEY MINTER and ANTHONY BERTOLONE, individually and on behalf of those similarly situated,** | **Civil No.:** _____ |
| **Plaintiffs,** | |
| **vs.** | |
| **JERRY BARTRUFF, in his Official Capacity as Director of the IDOC; KATRINA CARTER, in her Official Capacity as Interim Deputy Director of Offender Services of the IDOC; KRIS WEITZELL, in her Official Capacity as Warden of the Newton Correctional Facility, TERRY MAPES, in his Official Capacity as Warden of the Newton Correctional Facility; IOWA DEPARTMENT OF CORRECTIONS,** | **CLASS ACTION COMPLAINT AND JURY DEMAND, REQUEST FOR DECLARATORY JUDGMENT AND INJUNCTION** |
| **Defendants.** | |

**COME NOW** the Plaintiffs, Rodney Minter and Anthony Bertolone, individually and on behalf of those similarly situated, by and through the undersigned counsel, and for their request for declaratory judgment, injunctive relief, causes of action respectfully state the following:

<u>**INTRODUCTION**</u>

1.    This case arises out of the Iowa Department of Corrections' ("IDOC") administration and operation of the IDOC's Sex Offender Treatment Program ("SOTP")

at the Newton Correctional Facility ("NCF").  The policies, procedures, and practices of the IDOC and its employees have resulted in violations of the constitutional and statutory rights of the Plaintiffs, both named and those similarly situated.

2.      Iowa law both promises and mandates sex-offender treatment for certain individuals while incarcerated; and therefore, the IDOC has an affirmative duty to provide such treatment.  Despite this clear legal obligation, the IDOC regularly refuses hundreds of incarcerated individuals from participating in the SOTP, a decision that denies those inmates critical care and, ultimately, rehabilitation.  Significantly, the IDOC's decision to decline care is limited to those required to participate in sex-offender treatment: inmates required to participate in other treatment programs, such as substance-abuse treatment or domestic-violence treatment, and promptly and routinely placed into programming.  The IDOC's decision to exclude inmates from participating in the SOTP also deprives those inmates from accruing earned-time without due process of law, and unreasonably prolongs those inmates' terms of incarceration.

3.      Accordingly, Plaintiffs Rodney Minter and Anthony Bertolone bring this action for a declaratory judgment, injunctive relief, violations of 42 U.S.C. § 1983, and violations of the Iowa Constitution.

## PARTIES

### I.      Named Plaintiffs

4.      Plaintiff Rodney Minter is incarcerated and a citizen and resident of Iowa at all times material to the events complained of herein.

5.      Plaintiff Anthony Bertolone is incarcerated and a citizen and resident of Iowa

at all times material to the events complained of herein.

## II.    Named Defendants

6.    Defendant Jerry Bartruff is believed to be a citizen and resident of Iowa and during the times relevant to the events complained of herein, was the Director of the IDOC. Defendant Bartruff is currently the Director of the IDOC.

7.    Defendant Katrina Carter is believed to be a citizen and resident of Iowa. Based on information and belief, Defendant Carter was the interim Deputy Director of Offender Services during the times relevant to the events complained of herein.

8.    Defendant Kris Weitzell is believed to be a citizen and resident of Iowa and during the times relevant to the events complained herein was Warden of the Newton Correctional Facility (NCF).  Defendant Weitzell is currently the Warden of NCF.

9.    Defendant Terry Mapes is believed to be a citizen and resident of Iowa and during the times relevant to the events complaint herein was Warden of the NCF. Defendant Mapes was the Warden of NCF until his retirement, which became effective February 29, 2016.

10.    Defendant Iowa Department of Corrections is a recognized department within the State of Iowa that is responsible for the control, treatment, and rehabilitation of offenders committed under law to Iowa's penitentiaries and correctional facilities.  *See* Iowa Code § 904.102.

## III.    Putative Class

11.    Plaintiffs properly maintain this action for themselves, and as a class action pursuant to Federal Rule of Civil Procedure 23 for all others who have been denied certain

constitutional and statutory rights with regard to the SOTP that is established by the IDOC and administered at the NCF. Those persons for, and on whose behalf, this action is brought herein shall be referred to as the "Putative Class."

12.     The Putative Class is defined as individuals who are incarcerated and, now or in the future, have been required by the IDOC to participate in and complete the SOTP prior to discharge. All inmates who are required by Iowa law and/or regulation to participate in and complete the SOTP prior to discharge are members of the Putative Class.

13.     The Putative Class is sufficiently numerous that joinder of all members is impracticable. Based on information or belief, the IDOC classifies between 800 and 1,000 incarcerated individuals as required to complete the SOTP prior to discharge, and the maximum capacity of the SOTP is approximately 200 at any given time. Further, the fluid nature of the Putative Class, with inmates entering or being discharged or excluded, and in some cases completing the SOTP, as well as the unknown identity of future praticipants in the SOTP, makes joinder impracticable.

14.     Plaintiffs raise questions of fact and law that are common to all members of the Putative Class.

15.     Questions of fact and law common to the Putative Class include, but are not limited to:

> a.     Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by failing to provide procedural safeguards before excluding those inmates from SOTP, who are otherwise willing and desire to complete the SOTP;
>
> b.     Whether the named Defendants, through their actions and/or

4

omissions, have violated the civil and constitutional rights of inmates by arbitrarily and wrongfully excluding those inmates from the SOTP;

c.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by treating inmates required to complete sex-offender treatment so unequally as to disadvantage those inmates in relation to inmates required to complete other treatment programs administerd by the IDOC;

d.  Whether the named Defendants, through their actions and/or omissions, have violated the civil and constitutional rights of inmates by exercising deliberate disregard for the serious psychological or psychiatric needs of inmates required to participate in the SOTP;

e.  Whether the Putative Class is entitled to declaratory and injunctive relief to vindicate the rights that they have been denied.

16.    The claims that the named Plaintiffs raised herein, and the resulting harms and substantival risks of serious harm, are typical to those of the Putative Class.

17.    The named Plaintiffs will fairly and adequately represent and protect the interests of the Putative Class.

18.    Named Defendants have acted or refused to act on grounds that are generally applicable to the Putative Class and injunctive and declaratory relief are appropriate respecting the Putative Class as a whole.

## JURISDICTION AND VENUE

19.    Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

20.    The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

21.    All events and actions referenced in this Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

### I.   Department of Corrections Generally

22.   The Defendant IDOC controls and operates two penitentiaries and at least five correctional facilities across Iowa, including the Mount Pleasant Correctional Facility and the Newton Correctional Facility.

23.   The IDOC is responsible for the treatment and rehabilitation of all individuals committed to its custody within each penitentiary and/or correctional facility.

24.   Incarcerated individuals are commonly required to participate in treatment programs administered by the IDOC, including but not limited to substance abuse treatment programming, batterers' treatment programming, and sex offender treatment programming.

25.   While many treatment programs administered by the IDOC are established by statute, sex offender treatment programming is not established by, provided for, or otherwise described by Iowa law.

26.   An inmate's satisfactory participation in most treatment programs, coupled with good conduct, entitles any inmate serving a category "A" sentence, as defined in Iowa Code section 903A.2(1)(a)(1), to earned "good time" time at a rate of 1.2 days per one day of satisfactory participation.

27.   Accrued good time reduces the term of an inmate's total sentence by shortening the inmate's date of discharge.

28.   An inmate required to participate in sex offender treatment programming is not eligible for a reduction of sentence unless and until the inmate "participates in and

completes" a sex offender treatment program.

## II.    Sex Offender Treatment in Iowa Generally

29.    In or around 1984, the IDOC established a treatment program for individuals incarcerated for certain sex offenses, as defined by state or federal law.  The treatment program is known as the Sex Offender Treatment Program, or "SOTP."

30.    From its inception and until 2015, the SOTP operated exclusively within the Mount Pleasant Correctional Facility.

31.    Based on information and belief, the IDOC established the SOTP in accordance with its general statutory obligation to provide appropriate treatment and rehabilitation for individuals within its custody.

32.    The primary purpose of the SOTP is to provide appropriate treatment and rehabilitation for individuals while incarcerated.

33.    Based on current IDOC policies and procedures, the SOTP includes programming for incarcerated individuals, in addition to programming for individuals not in custody, commonly referred to as "community-based corrections."

34.    As it relates to programming for incarcerated individuals, the SOTP must meet the standards and requirements set by the Iowa Board for the Treatment of Sexual Abusers ("IBTSA"), a non-profit corporation registered in the State of Iowa comprised of state and county officers, law enforcement, private health providers, and other at-large individual members.  *See* Iowa Admin. Code r. 201—38.4 (5)(*b*).

35.    One of the functions of the IBTSA is to administer the certification process for professionals seeking to provide treatment and rehabilitation services to individuals

convicted of sex offenses.

36.    The IBTSA promulgates comprehensive Program Standards and Curriculum Guidelines for the purpose of providing guidance to professionals who provide treatment and rehabilitation services to individuals convicted of sex offenses. *See* Iowa Admin. Code r. 201—38.4 (5)(*b*).

37.    The SOTP that was created by, and is currently operated and administered by, the IDOC is the only treatment program accessible to Iowa inmates that the IDOC and the IBTSA recognizes as providing treatment and rehabilitation for purposes of, and within the meaning of, the IDOC's obligations under Iowa law.

38.    The IDOC refuses to recognize any privately maintained sex-offender treatment program for purposes of the IDOC's obligations under Iowa law.

39.    Based on information and belief, the SOTP program operates pursuant to formal policies and procedures promulgated by the IDOC as well as informal practices of the administering facility.

40.    IDOC policies and procedures automatically require inmates to participate in and complete SOTP under the following circumstances:

    a.  If an Iowa court has ordered sex offender treatment as part of a sentencing order in a criminal case;

    b.  If the individual is serving a sentence for conviction under: (1) certain state laws, including but not limited to forty-eight separate offenses as defined in Iowa law; (2) any crime requiring the individual to register as a sex offender under Iowa Code chapter 692A; or (3) any crime that results in a special sentence or special sentence revocation under Iowa Code sections 903B.1 or 903B.2;

    c.  If the individual is serving a sentence who has been convicted under

certain federal laws and whose sentence has not been discharged or was discharged less than ten years earlier, including but not limited to twenty-two separate offenses as defined in the United States Code;

d. If the individual is serving a sentence who has been convicted under any other state law requiring the individual to register as a sex offender, and whose sentence has not been discharged or was discharged less than ten years earlier.

41.    IDOC policies and procedures provide that an inmate may be required to participate in and complete SOTP under the following circumstances:

a. If the individual is convicted of a violation of the Iowa Sex Offender Registry;

b. If the individual is determined to have violated certain institutional rules while incarcerated, using the "some evidence" burden of proof;

c. If an individual has successfully completed sex offender programming prior to incarceration but the IDOC determines that the SOTP should be completed.

42.    If the IDOC determines that an inmate shall participate in the SOTP, the IDOC initially assesses each individual as low-, moderate-, or high-risk.

43.    An individual's risk level effectively correlates with the duration and concentration of the services provided to that individual in the SOTP.

44.    Based on information and belief, it takes an inmate up to eighteen months to complete the SOTP and in any event takes no less than six months to complete the programming, with an average placement-to-completion duration of 11.3 months.

45.    Due to the high number of inmates required to participate in the SOTP and the low capacity of the SOTP, a significant number of inmates are barred from immediately participating in the SOTP, despite a desire or willingness to do so.

46.     An inmate that is excluded from participating in the SOTP is not entitled to earned-time credit.

47.     An inmate that is excluded from participating in the SOTP cannot complete the SOTP, which prevents any reduction of the inmate's sentence and bars the inmate's discharge from any state institution or facility.

### III.     Current Operation of the SOTP as Necessitating this Complaint

48.     Based on information and belief, in 2015, the Mount Pleasant Correctional Facility had a maximum capacity of approximately 875 inmates.

49.     Based on information and belief, the maximum capacity of the SOTP at the Mount Pleasant Correctional Facility in 2015 was approximately 200 inmates.

50.     On or about October 15, 2015, the IDOC announced its intention to move the SOTP from the Mount Pleasant Correctional Facility to the Newton Correctional Facility.

51.     According to at least one media account, the IDOC decided to move facilities because of "the number of people who couldn't participate in treatment who were high risk."

52.     Based on information and belief, in 2015, the Newton Correctional Facility had a maximum capacity of approximately 1,300 inmates.

53.     Based on information and belief, the maximum capacity of the SOTP at the NCF is approximately 200 inmates at any given time.

54.     The number of individuals incarcerated at both the Mount Pleasant Correctional Facility and the NCF consistently regularly exceeds the number of beds available in those facilities and, therefore, the facilities are overcrowded.

55.     Prior to the time of the IDOC's public announcement in October 2015, no personnel at NCF was notified of the IDOC's intentions.

56.     Beginning in October 2015, IDOC personnel gradually transported inmates that had been mandated to complete the SOTP prior to discharge.

57.     This gradual transportation necessarily resulted in duplication of SOTP resources being spent at the Mount Pleasant and NCF facilities.

58.     As of September 2016, the IDOC had transported approximately 800 individuals required to complete SOTP.  An additional 100 individuals remained at the Mount Pleasant facility.

59.     Based on information and belief, additional incarcerated individuals in other correctional facilities around Iowa have been mandated to complete the SOTP, yet cannot be transported to NCF due to aforementioned overcrowding.

## IV.     Allegations Specific to Plaintiffs

60.     Plaintiffs Minter and Bertolone have each been required by the IDOC to participate in and complete the SOTP prior to discharge.

### A. Plaintiff Minter

61.     On February 25, 2013, Plaintiff Rodney Minter was convicted of second-degree sexual abuse, a class "B" felony in violation of Iowa Code section 709.3(2), in *State v. Minter*, Mahaska County Case No. FECR063303.

62.     As part of the sentence, Minter was ordered to serve an indeterminate term of confinement of not more than twenty-five years' imprisonment.

63.     Minter's conviction subjects him to Automatic Treatment as required by

official IDOC policies and procedures

64.     On February 26, 2013, Minter was committed to the custody of the IDOC.

65.     As of the date of the filing of this Complaint, Minter's Recall Date is February 19, 2018 and his Tentative Discharge Date is August 11, 2023.

66.     As of the date of the filing of this Complaint, Minter is housed at the Newton Correctional Facility.

67.     As of the date of the filing of this Complaint, Minter has been unable to participate in the SOTP despite his desire to do so.

**B. Plaintiff Bertolone**

68.     On June 18, 2012, Plaintiff Anthony Bertolone was convicted on five counts of third-degree sexual abuse, each a class "C" felony in violation of Iowa Code section 709.4, in *State v. Bertolone*, Polk County Case No. FECR239544.

69.     As part of the sentence, Bertolone was ordered to serve an indeterminate term of confinement of not more than twenty years' imprisonment.  Counts I, II, and III were ordered to run concurrent to one another; Counts IV and V were ordered to run consective to one another and concurrent to all other charges.

70.     Bertolone's convictions subject him to Automatic Treatment as required by official IDOC policies and procedures.

71.     On June 22, 2012, Bertolone was committed to the custody of the IDOC.

72.     As of the date of the filing of this Complaint, Bertolone's Recall Date is July 22, 2018 and his Tentative Discharge Date is April 30, 2021.

73.     As of the date of the filing of this Complaint, Bertolone is housed at the

Clarinda Correctional Facility.

74.    As of the date of the filing of this Complaint, Bertolone has been unable to participate in the SOTP despite his desire to do so.

**C. The Putative Class**

75.    As described *supra*, this action is brought on behalf of all persons who are incarcerated and, now or in the future, have been required by the IDOC to participate in and complete the SOTP prior to discharge.  All inmates who are required by Iowa law and/or regulation to participate in and complete the SOTP prior to discharge are members of the Putative Class.

**CAUSES OF ACTION**

**COUNT I**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FIFTH AND/OR FOURTEENTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
***Right to be Free from Deprivation of Liberty Without Procedural Due Process of Law***
*(Against Defendants Bartruff, Carter, Weitzell, and Mapes)*

76.    Plaintiffs replead paragraphs (1) through seventy-five (75) as if fully set forth herein.

77.    Defendants Bartruff, Carter, Weitzell, and Mapes are all persons for the purpose of a Section 1983 action for damages.

78.    At all times material hereo, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials for the State of Iowa and the IDOC.

79.    Plaintiffs Minter and Bertolone, in addition to each and every member of the

13

Putative Class, have protected individual liberty interest in the ability to accrue earned-time credit under Iowa law as guaranteed by the Fifth and/or Fourteenth Amendments to the United States Constitution.

80.     Beginning with the IDOC's determination that the Plaintiffs must complete the SOTP while incarcerated, the Defendants Bartruff, Carter, Weitzell, and Mapes caused and/or engaged in a pattern of conduct that violated the Plaintiffs' clearly established constitutional right to accrue earned-time credit without due process of law, to wit:

    a.  Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

    b.  Failing to recognize the accrual of earned-time credit because the Plaintiffs have not "refused" to participate in the SOTP; and

    c.  Foreclosing the possibility that Plaintiffs obtain a meaningful release date due to their exclusion from the SOTP.

81.     The named Plaintiffs have demonstrated a willingness and/or desire to participate in and complete the SOTP.

82.     The named Plaintiffs are afforded no procedural protection or safeguard before their right to accrue earned-time credit is slowly and incrementaly diminished.

83.     The named Plaintiffs have been provided no adequate explanation or notice regarding their exclusion from the SOTP.

84.     The Defendants Bartruff, Carter, Weitzell, and Mapes violated the Plaintiffs' Fifth and/or Fourteenth Amendment Right to the United States Constitution to be free from the deprivation of liberty without procedural due process of law.

85.     The Defendants Bartruff, Carter, Weitzell, and Mapes demonstrated a

deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correctional institutions and facilities.

86.    The Defendants Bartruff, Carter, Weitzell, and Mapes' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

87.    The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

88.    As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a.  Deprivation of constitutional rights;

   b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

   c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

   d.  Punitive damages;

   e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and

Mapes as follows:

    a. Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b. Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    c. Punitive damages; and

    d. Such relief as the Court deems just and equitable.

<u>**COUNT II**</u>
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FIFTH AND/OR FOURTEENTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
<u>***Right to be Free from Deprivation of Liberty Without Substantive Due Process of Law***</u>
***(Against Defendants Bartruff, Carter, Weitzell, and Mapes)***

89.    Plaintiffs replead paragraphs (1) through eighty-eight (88) as if fully set forth herein.

90.    Defendants Bartruff, Carter, Weitzell, and Mapes are all persons for the purpose of a Section 1983 action for damages.

91.    At all times material hereo, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials for the State of Iowa and the IDOC.

92.    Plaintiffs Minter and Bertolone, in addition to each and every member of the Putative Class, have cognizable and fundamental interest in the ability to accrue earned-time credit under Iowa law as guaranteed by the Fifth and/or Fourteenth Amendments to the United States Constitution.

93.    Beginning with the IDOC's determination that the Plaintiffs must complete

the SOTP while incarcerated, the Defendants Bartruff, Carter, Weitzell, and Mapes caused and/or engaged in a pattern of conduct that violated the Plaintiffs' clearly established constitutional right to accrue earned-time credit without due process of law, to wit:

  a. Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

  b. Failing to recognize the accrual of earned-time credit because the Plaintiffs have not "refused" to participate in the SOTP; and

  c. Foreclosing the possibility that Plaintiffs obtain a meaningful release date due to their exclusion from the SOTP.

94.    The named Defendants' arbitrary and wrongful course of conduct was deliberately indifferent to the civil and constitutional rights of the Plaintiffs, and deprived the Plaintiffs of their rights in an outrageous and shocking manner.

95.    The Defendants Bartruff, Carter, Weitzell, and Mapes violated the Plaintiffs' Fifth and/or Fourteenth Amendment Right to the United States Constitution to be free from the deprivation of liberty without substantive due process of law.

96.    The Defendants Bartruff, Carter, Weitzell, and Mapes demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correctional institutions and facilities.

97.    The Defendants Bartruff, Carter, Weitzell, and Mapes' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

98.    The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

99.     As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

a.   Deprivation of constitutional rights;

b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

c.   Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

d.   Punitive damages;

e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

a.   Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.   Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.   Punitive damages; and

d.   Such relief as the Court deems just and equitable.

## COUNT III
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983

## VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to Equal Protection of the Law*
### *(Against Defendants Bartruff, Carter, Weitzell, and Mapes)*

100.    Plaintiffs replead paragraphs one (1) through ninety-nine (99) as if fully set forth herein.

101.    Defendants Bartruff, Carter, Weitzell, and Mapes are all persons for the purpose of a Section 1983 action for damages.

102.    At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

103.    The Plaintiffs are entitled to equal protection and treatment under the law as guaranteed by the Fourteenth Amendment to the United States Constitution.

104.    Defendants Bartruff, Carter, Weizell, and Mapes have engaged in a course of conduct that has deprived the Plaintiffs of their right to equal protection under the law, to wit:

    a.  Allocating insufficient resources to the rehabilitation of inmates required to complete the SOTP as distinguished from other treatment programs required by the IDOC;

    b.  Failing to promptly and regularly place the Plaintiffs into the SOTP;

    c.  Maintaining only one facility, NCF, capable of housing an SOTP, as distinguished from other treatment programs offered by the IDOC; and

    d.  Recognizing only the IDOC's SOTP as a sex-offense treatment program as sufficient for purposes of its policies and procedures, as opposed to private sex-offense treatment programs.

105.    The illegal and unconstitutional course of conduct undertaken by the named Defendants has resulted in the Plaintiffs being deprived of their statutory right to accrue earned-time credit, unlike inmates in other common treatment programs, and the Plaintiffs' being deprived of receiving a reduction of sentence upon their completion of the SOTP.

106.    The named Defendants' course of conduct was the cause of additional damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

107.    The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

108.    As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

   a.   Deprivation of constitutional rights;

   b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

   c.   Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

   d.   Punitive damages;

   e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C.

§ 1988.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

    a.  Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

    b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

    c.  Punitive damages; and

    d.  Such relief as the Court deems just and equitable.

**COUNT IV**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF EIGHTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
***Right to be Free from Cruel and Unusual Punishment***
***(Against Defendants Bartruff, Carter, Weitzell, and Mapes)***

109.    Plaintiffs replead paragraphs one (1) through one-hundred-eight (108) as if fully set forth herein.

110.    Defendants Bartruff, Carter, Weitzell, and Mapes are all persons for the purpose of a Section 1983 action for damages.

111.    At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

112.    The Plaintiffs, as incarcerated individuals, have a constitutional right to receive necessary medical care, including psychological or psychiatric care, as guaranteed

by the Eighth and Fourteenth Amendments to the United States Constitution. This constitutional protection guards against the exercise of deliberate indifference toward the serious medical needs of an inmate.

113. By requiring completion of the SOTP while incarcerated after a conviction for certain criminal offenses, the IDOC recognizes that conviction of these criminal offenses necessitates serious psychological or psychiatric care.

114. Based on the policies, procedures, and reckless practices of the IDOC, Defendants Bartruff, Carter, Weitzell, and Mapes have engaged in a course of conduct that has failed to provide the Plaintiffs with the necessary mental-health programming needed to appropriately treat and rehabilitate the Plaintiffs, and thereby deprived the Plaintiffs of their civil and constitutional rights.

115. Defendants Bartruff, Carter, Weitzell, and Mapes demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

116. Defendants Bartruff, Carter, Weitzell, and Mapes knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

117. The named Defendants' conduct was a cause of damages to the Plaintiffs, including emotional pain and suffering and attorney fees and costs associated with prosecuting this action.

118. The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

119.     As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

     a.   Deprivation of constitutional rights;

     b.   Humiliation, degradation, public ridicule, and past and future emotional distress;

     c.   Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

     d.   Punitive damages;

     e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

     f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

     a.   Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

     b.   Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

     c.   Punitive damages; and

     d.   Such relief as the Court deems just and equitable.

## COUNT V
## VIOLATION OF ARTICLE I, SECTION NINE OF THE IOWA CONSTITUTION
### *Right to be Free from Deprivation of Liberty Without Procedural Due Process of Law*
### *(Against Bartruff, Carter, Weitzell, and Mapes)*

120.    Plaintiffs replead paragraphs (1) through one-hundred-nineteen (119) as if fully set forth herein.

121.    At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

122.    Plaintiffs Minter and Bertolone, in addition to each and every member of the Putative Class, have protected individual liberty interest in the ability to accrue earned-time credit under Iowa law as guaranteed by article I, section 9 of the Iowa Constitution.

123.    Beginning with the IDOC's determination that the Plaintiffs must complete the SOTP while incarcerated, the Defendants Bartruff, Carter, Weitzell, and Mapes caused and/or engaged in a pattern of conduct that violated the Plaintiffs' clearly established constitutional right to accrue earned-time credit without due process of law, to wit:

    a. Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

    b. Failing to recognize the accrual of earned-time credit because the Plaintiffs have not "refused" to participate in the SOTP; and

    c. Foreclosing the possibility that Plaintiffs obtain a meaningful release date due to their exclusion from the SOTP.

124.    The named Plaintiffs have demonstrated a willingness and/or desire to participate in and complete the SOTP.

125.    The named Plaintiffs are afforded no procedural protection or safeguard

before their right to accrue earned-time credit is slowly and incrementaly diminished.

126.    The named Plaintiffs have been provided no adequate explanation or notice regarding their exclusion from the SOTP.

127.    The Defendants Bartruff, Carter, Weitzell, and Mapes violated the Plaintiffs' article I, section 9 right under the Iowa Constitution to be free from the deprivation of liberty without procedural due process of law.

128.    The Defendants Bartruff, Carter, Weitzell, and Mapes demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correctional institutions and facilities.

129.    The Defendants Bartruff, Carter, Weitzell, and Mapes' conduct was a cause of damages to the Plaintiffs.

130.    The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

131.    Plaintiffs hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

132.    As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of constitutional rights;

    b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

    c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

    a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

    c.  Punitive damages; and

    d.  Such relief as the Court deems just and equitable.

## <u>COUNT VI</u>
## VIOLATION OF ARTICLE I, SECTION NINE OF THE IOWA CONSTITUTION
### <u>*Right to be Free from Deprivation of Liberty Without Substantive Due Process of Law*</u>
### *(Against Defendants Bartruff, Carter, Weitzell, and Mapes)*

133.    Plaintiffs replead paragraphs (1) through one-hundred-thirty-two (132) as if fully set forth herein.

134.    At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

135.    Plaintiffs Minter and Bertolone, in addition to each and every member of the Putative Class, have cognizable and fundamental interest in the ability to accrue earned-time credit under Iowa law as guaranteed by article I, section 9 of the Iowa Constitution.

136.    Beginning with the IDOC's determination that the Plaintiffs must complete the SOTP while incarcerated, the Defendants Bartruff, Carter, Weitzell, and Mapes caused and/or engaged in a pattern of conduct that violated the Plaintiffs' clearly established constitutional right to accrue earned-time credit without due process of law, to wit:

   a.  Failing to place the Plaintiffs into the SOTP for an indeterminable amount of time;

   b.  Failing to recognize the accrual of earned-time credit because the Plaintiffs have not "refused" to participate in the SOTP; and

   c.  Foreclosing the possibility that Plaintiffs obtain a meaningful release date due to their exclusion from the SOTP.

137.    The named Defendants' arbitrary and wrongful course of conduct was deliberately indifferent to the civil and constitutional rights of the Plaintiffs, and deprived the Plaintiffs of their rights in an outrageous and shocking manner.

138.    The Defendants Bartruff, Carter, Weitzell, and Mapes violated the Plaintiffs' article I, section 9 right under the Iowa Constitution to be free from the deprivation of liberty without substantive due process of law.

139.    The Defendants Bartruff, Carter, Weitzell, and Mapes demonstrated a deliberate indifference to and/or reckless disregard of Plaintiffs' civil and constitutional rights by their unlawful administration of the IDOC correctional institutions and facilities.

140.    The Defendants Bartruff, Carter, Weitzell, and Mapes' conduct was a cause

of damages to the Plaintiffs.

141.    The named Defendants' actions were willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil rights, justifying an award of punitive damages.

142.    Plaintiffs hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

143.    As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of constitutional rights;

    b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

    c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

    a.  Actual, compensatory, consequential, and all other allowable

damages against Defendants in an amount yet to be determined;

b.  Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

c.  Punitive damages; and

d.  Such relief as the Court deems just and equitable.

## COUNT VII
## VIOLATION OF ARTICLE I, SECTION SIX OF THE IOWA CONSTITUTION
### *Right to Equal Protection of the Law*
### *(Against Defendants Bartruff, Carter, Weitzell, and Mapes)*

144.    Plaintiffs replead paragraphs one (1) through one-hundred-forty-three (143) as if fully set forth herein.

145.    At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

146.    The Plaintiffs are entitled to equal protection and treatment under the law as guaranteed by article I, section 6 of the Iowa Constitution.

147.    Defendants Bartruff, Carter, Weizell, and Mapes have engaged in a course of conduct that has deprived the Plaintiffs of their right to equal protection under the law, to wit:

a.  Allocating insufficient resources to the rehabilitation of inmates required to complete the SOTP as distinguished from other treatment programs required by the IDOC;

b.  Failing to promptly and regularly place the Plaintiffs into the SOTP;

c.  Maintaining only one facility, NCF, capable of housing an SOTP, as distinguished from other treatment programs offered by the IDOC; and

d. Recognizing only the IDOC's SOTP as a sex-offense treatment program as sufficient for purposes of its policies and procedures, as opposed to private sex-offense treatment programs.

148.    The illegal and unconstitutional course of conduct undertaken by the named Defendants has resulted in the Plaintiffs being deprived of their statutory right to accrue earned-time credit, unlike inmates in other common treatment programs, and the Plaintiffs' being deprived of receiving a reduction of sentence upon their completion of the SOTP.

149.    The named Defendants' course of conduct was the cause of additional damages to the Plaintiffs.

150.    The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

151.    Plaintiffs hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

152.    As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

a. Deprivation of constitutional rights;

b. Humiliation, degradation, public ridicule, and past and future emotional distress;

c. Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

    a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

    c.  Punitive damages; and

    d.  Such relief as the Court deems just and equitable.

## COUNT VIII
## VIOLATION OF ARTICLE I, SECTION SEVENTEEN OF THE IOWA CONSTITUTION
### *Right to be Free from Cruel and Unusual Punishment*
### *(Against All Defendants)*

153.    Plaintiffs replead paragraphs one (1) through one-hundred-fifty-two (152) as if fully set forth herein.

154.    At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes' actions and/or omissions were made under the color of authority and law as officials and/or employees of the IDOC.

155.    The Plaintiffs, as incarcerated individuals, have a constitutional right to

receive necessary medical care, including psychological or psychiatric care, as guaranteed by article I, section 17 of the Iowa Constitution.  This constitutional protection guards against the exercise of deliberate indifference toward the serious medical needs of an inmate.

156.    By requiring completion of the SOTP while incarcerated after a conviction for certain criminal offenses, the IDOC recognizes that conviction of these criminal offenses necessitates serious psychological or psychiatric care.

157.    Based on the policies, procedures, and reckless practices of the IDOC, Defendants Bartruff, Carter, Weitzell, and Mapes have engaged in a course of conduct that has failed to provide the Plaintiffs with the necessary mental-health programming needed to appropriately treat and rehabilitate the Plaintiffs, and thereby deprived the Plaintiffs of their civil and constitutional rights.

158.    Defendants Bartruff, Carter, Weitzell, and Mapes demonstrated a deliberate indifference to and/or a reckless disregard of the Plaintiffs' civil and constitutional rights.

159.    Defendants Bartruff, Carter, Weitzell, and Mapes knew of a substantial risk of serious harm that the Plaintiffs would suffer as a result of these policies, procedures, and practices.

160.    The named Defendants' conduct was a cause of damages to the Plaintiffs.

161.    The named Defendants' conduct was willful, wanton, unlawful, and in gross disregard of the Plaintiffs' civil and consittutional rights, justifying an award of punitive damages.

162.    Plaintiffs hereby request reasonable attorney fees and costs associated with

prosecuting this action as Defendants' violation of their constitutional rights was oppressive, conniving, harsh, cruel, and or tyrannical.

163.    As a direct and proximate result of Defendants Bartruff, Carter, Weitzell, and Mapes' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover for what they have suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of constitutional rights;

    b.  Humiliation, degradation, public ridicule, and past and future emotional distress;

    c.  Actual and compensatory damages, including but not limited to past, present and future pain and suffering and other economic losses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs at common law.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

    a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b.  Plaintiff's cost in this action, including reasonable attorney's fees and costs at common law;

    c.  Punitive damages; and

    d.  Such relief as the Court deems just and equitable.

## COUNT IX
## RESPONDEAT SUPERIOR
### *(Against Defendant Iowa Department of Corrections)*

164.   Plaintiffs replead paragraphs one (1) through one-hundred-sixty-three (163) as if fully set forth herein.

165.   At all times material hereto, an employer–employee relationship existed between the Defendant IDOC, as employer, and Defendants Bartruff, Carter, Weitzell, and Mapes, as employees.

166.   At all times material hereto, Defendants Bartruff, Carter, Weitzell, and Mapes were acting within the scope of their employment with Defendant IDOC.

167.   Under the doctrine of *respondeat superior*, Defendant IDOC is liable for the aforementioned conduct and/or omissions of Defendants Bartruff, Carter, Weitzell, and Mapes.

168.   As a result of the conduct and/or omissions of Defendants Bartruff, Carter, Weitzell, and Mapes, the named Plaintiffs and members of the Putative Class have sustained damages and injuries as previously set forth in this Complaint.

**WHEREFORE** the Plaintiffs, Minter and Bertolone, and on behalf of those similarly situated, pray for Judgment against Defendants Bartruff, Carter, Weitzell, and Mapes as follows:

a.   Compensation for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.   Plaintiffs' cost in this action, including reasonable attorney fees and interest and costs as allowed by law;

c.   Such other relief as the Court deems just and equitable under the

circumstances.

## **REQUEST FOR RELIEF**

**WHEREFORE**, in addition to the relief requested *supra*, Plaintiffs respectfully request that this Court:

a. Order that Plaintiffs may maintain this action as a class action pursuant to Rules 23(a) and (23)(b)(2) Federal Rules of Civil Procedure and issue a certification order pursuant to Rule 23(c). The undersigned further requests he be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

b. Pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, declare unconstitutional and unlawful Defendants' conduct as alleged herein as a violation of the Plaintiffs' right to be free from harm and substantial risks of serious harm under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; the Eighth Amendment to the United States Constitution; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and/or the provisions of the Iowa Consititution that have been violated as alleged herein.

c. Grant permanent injunctive relief to enjoin the Defendants from subjecting Plaintiffs to policies, procedures, and/or practices that violate the Plaintiffs' federal and state constitutional rights, including as follows:

    i. Order Defendants to place the Plaintiffs into the SOTP at NCF, or alternatively, to authorize placement in any private treatment program, in order to ensure the provision of sufficient sex-offender treatment programming and rehabilitate the Plaintiffs during incarceration;

    ii. Order the Defendant IDOC to ensure adequate resources and/or funding for the SOTP to provide for the same level of services as other state-mandated treatment programs, such as substance abuse treatment or domestic abuse treatment;

    iii. Enjoin the Defendants from recognizing only the NCF's SOTP as sufficient to fulfill an inmate's obligation to participate in and complete sex-offender treatment prior to discharge;

     iv.    Order the Defendants to recalculate and attribute the Plaintiffs' accrued earned-time credit under Iowa Code section 903A.2 to reflect each day that the Plaintiffs demonstrated good conduct and demonstrated a willingness and/or desire to participate in the SOTP despite the IDOC's decision to not place the Plaintiff into the SOTP.

    d.   Grant such other relief as the Court may deem just and proper under the circumstances.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury in this matter on all claims to which Plaintiffs are entitled to a jury.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

By: _/s/ Alfredo Parrish_

Alfredo Parrish       AT0006051
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
E-Mail: aparrish@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**